21-6019-ag
*Tineo v. Garland*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-two.

PRESENT:   JOHN M. WALKER, JR.,
                     GUIDO CALABRESI,
                     JOSÉ A. CABRANES,
                                     *Circuit Judges.*

---

MARGARITA TINEO,

                     *Petitioner,*                                   21-6019-ag

                     v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

                     *Respondent.*

---

FOR PETITIONER:          Aleksander Boleslaw Milch, The Kasen Law Firm, PLLC, Flushing, NY.

FOR RESPONDENT:          Brett F. Kinney *for* Brian Boynton, Acting Assistant Attorney General, Holly M. Smith, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA") dated December 16, 2020, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and hereby is **DENIED.**

Petitioner Margarita Tineo, a native and citizen of the Dominican Republic, seeks review of a December 16, 2020 decision of the BIA affirming an August 7, 2018 decision of an Immigration Judge ("IJ") denying both her motion to terminate her removal proceedings and her application for cancellation of removal. *In re Margarita Tineo*, No. A020 578 848 (B.I.A. Dec. 16, 2020), *aff'g* No. A020 578 848 (Immig. Ct. N.Y.C. Aug. 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

## DISCUSSION

An applicant for relief from removal has the burden to prove eligibility for cancellation of removal. 8 U.S.C. § 1229a(c)(4); *Pereida v. Wilkinson*, 141 S. Ct. 754, 761 (2021). We review *de novo* whether a conviction qualifies as an aggravated felony. *Rampersaud v. Barr*, 972 F.3d 55, 59-60 (2d Cir. 2020). We review both the BIA's and the IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

I.      Motion to Terminate

Tineo's argument that the immigration court lacked jurisdiction and should have terminated her removal proceedings because her notice to appear ("NTA") omitted the time and date of her hearing is foreclosed by our case law. Tineo relies on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021) to argue that her NTA was not sufficient to vest jurisdiction with the immigration court because it did not contain the time and date for her initial hearing. But we have held that *Pereira* and *Niz-Chavez* concern only a narrow issue regarding the alien's accrual of presence or residence for the purposes of cancellation of removal. *See Banegas Gomez v. Barr*, 922 F.3d 101, 110 (2d Cir. 2019); *see also Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) ("*Banegas Gomez* remains good law even after the Supreme Court's opinion in *Niz-Chavez*" because "[a]s with *Pereira*, *Niz-Chavez* focused only on the stop-time rule . . . and did not address the effect of a defective NTA on an IJ's jurisdiction.").

"[A]n NTA that omits information regarding the time and date of the initial removal hearing is . . . adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez*, 922 F.3d at 112. Therefore, the agency properly denied Tineo's motion to terminate because she appeared after receiving a hearing notice that specified both time and date. *Id.*

II.    Cancellation of Removal

A lawful permanent resident such as Tineo is eligible for cancellation of removal if she "(1) has been . . . lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a). The only issue here is whether Tineo's conviction for credit card fraud, 18 U.S.C. § 1029(a)(2) (2000), is an aggravated felony. "The term aggravated felony" includes "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Tineo does not dispute that her conviction is a fraud offense, so the sole question is the amount of loss.

To determine the amount of loss, we "inquire into 'the specific circumstances surrounding an offender's commission of a fraud and deceit crime on a specific occasion.'" *Rampersaud*, 972 F.3d at 60 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 40 (2009)). "We then ascertain whether the petitioner caused more than $10,000 in losses that are 'tied to the specific counts covered by the conviction' and not 'based on acquitted or dismissed counts or general conduct.'" *Id.* (quoting *Nijhawan*, 557 U.S. at 42). The immigration judge may rely on sentencing materials and restitution orders in the absence of any conflicting evidence. *See Nijhawan*, 557 U.S. at 42–43.

Tineo did not establish that her fraud offense was not an aggravated felony. She waived indictment and pleaded guilty to a single count of credit card fraud. The judge ordered restitution of $20,037.25 to her four victims. This record sufficiently ties the conviction to the restitution amount because Tineo pleaded guilty to the sole charge and confirmed that the charge covered the use of multiple cards over a six-month period. *See Nijhawan*, 557 U.S. at 42–43 (finding "nothing unfair" about reliance on defendant's stipulation confirmed by a restitution order to determine loss amounts); *cf. Rampersaud*, 972 F.3d at 62 ("[A] restitution award can, in some cases, reliably establish loss to the victims of a fraud offense.").

In sum, the agency properly considered the restitution amount, and Tineo did not meet her burden to show eligibility for cancellation of removal. *See Nijhawan*, 557 U.S. at 42–43.

## CONCLUSION

We have reviewed all of the arguments raised by Tineo on appeal and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court